Mr. Walter Kane Executive Director Colorado Housing Finance Authority 1115 Grant Street Denver, Colorado 80203
Dear Mr. Kane:
This is in response to your letter of November 14, 1975 in which you asked the following question:
QUESTION PRESENTED AND CONCLUSION
Whether the Colorado Housing Finance Authority may lawfully continue to implement the restriction on making mortgage loans to "families" as defined in C.R.S. 1973, 29-4-703(5)?
My conclusion is "yes."
ANALYSIS
The factual situation giving rise to the issue involves a Loans to Lenders Program whereby the Authority has made 10 year loans to seven lending institutions. Pursuant to the loan agreement the lending institution must use the money to make mortgage loans to low and moderate income families as defined in C.R.S. 1973, 29-4-703(5) and (7). Section 5 thereof states that:
 Family means two or more persons related by blood, marriage, or adoption who live or expect to live together as a single household in the same home or a single person who is either at least sixty-two years of age or handicapped.
This definition clearly prohibits the making of loans to single men or women who are below the age of sixty-two and who are not handicapped. The legal issue is whether this provision is in conflict with the Equal Credit Opportunity Act (the Act), 15 U.S.C. § 1691, Pub. Law 93-495, and if so, what are the consequences of such a conflict.
The Act was adopted in October of 1974 and became effective on October 28, 1975. The basic proscription of the Act is found in section 701:
 (a) It shall be unlawful for any creditor to discriminate against any applicant on the basis of sex or marital status with respect to any aspect of a credit transaction.
Creditor is defined in section 702(e) as:
 (A)ny person who regularly extends, renews or continues credit; any person who regularly arranges for the extension, renewal, or continuation of credit; or any assignee of an original creditor who participates in the decision to extend, renew or continue credit.
Person is defined in section 702(f):
 A natural person, a corporation, government or governmental subdivision or agency, trust, estate, partnership, co-operative, or association.
Section 703 of the Act authorizes the Board of Governors of the Federal Reserve System to enact regulations, two of which are relevant here:
 202.3(e) "Arrange for the extension of credit" means to provide or offer to provide credit which is or will be extended by another person under a business or other relationship pursuant to which the person arranging such credit participates in the decision to extend credit to an applicant. The term does not include participation in a credit transaction which is limited to honoring a credit card.
 202.3(n) "Marital Status" means the state of being unmarried, married, or separated, as defined by applicable state law. For purposes of this Part, the term "unmarried" includes a person who is divorced or widowed.
Reading these sections together, it is clear that under the above-described factual situation, both the Authority and the lenders are covered by the act.
The question of whether the federal law and state law are in conflict is answered by reference to section 202.11(b) of the Rules and Regulations:
 (b) Inconsistent State Laws. Except as provided in section 202.8, this Part alters, affects and preempts only those state laws which are inconsistent with this Part, and then only to the extent of the inconsistency. Such a state law is not inconsistent with this Part if the creditor can comply with the State law without violating this Part.
Thus the issue is whether the lenders or the Authority can comply with the state law without violating the federal act. It is my opinion that a creditor cannot so comply. Under the state law the Authority cannot make or arrange for loans to nonhandicapped single people under the age of 62, while it can make loans to nonhandicapped married people under the age of 62. Following this restriction would clearly violate the federal law making it unlawful "to discriminate against any applicant on the basis of . . . marital status." Thus under rule 202.11(b) the state provision is preempted and should be considered to be of no force and effect.
The same result is reached by the application of the cases applying the doctrine of federal preemption. In Savage v. Jones, 225 U.S. 501 (1912), the court said:
 If the purpose of the Act cannot otherwise be accomplished — if its operation within its chosen field must be frustrated and its provisions be refused their natural effect — the state law must yield to the regulations of Congress within the sphere of its delegated power.
At 533. See also Florida Line and Avocado Growers, Inc. v. Paul, et al,373 U.S. 132 (1963) and Hines v. Davidowitz, 312 U.S. 52 (1940). Clearly, compliance with the state law would frustrate the proscription in the federal law against discrimination on the basis of marital status.
SUMMARY
It appears the state law restriction is preempted by the federal law in this respect, and enforcement of the state restriction would not be upheld if challenged. Consequently, the restriction in the state law cannot be enforced or followed.

 Very truly yours,
 J.D. MacFARLANE
 Attorney General
CREDIT
DISCRIMINATION
STATE PREEMPTION

C.R.S. 1973, 29-4-703(5) C.R.S. 1973, 29-4-703(7)
LAW, DEPARTMENT OF Office of Attorney General
Colorado law permitted loans to "families." The definition of families did not include single persons who were not either handicapped or under age 62. Federal regulation promulgated under the authority of Equal Credit Opportunity Act prohibits discrimination based on marital status. Federal regulation preempts state law.